OPINION
Defendant was indicted in Clark County Common Pleas Court Case No. 03CR19 on one court of burglary in violation of R.C. 2911.12 and one court of possession of criminal *Page 2 
tools in violation of R.C. 2923.24. Defendant entered into a negotiated plea agreement in which he agreed to plead guilty to the offense of attempted burglary in violation of R.C. 2923.02 and 2911.12, a third degree felony. The criminal tools charge was dismissed and the parties jointly agreed upon a three year prison term. On February 12, 2003 Defendant changed his plea to guilty and signed a Plea of Guilty form provided by the state which set forth the rights Defendant waived by pleading guilty. The trial court found that Defendant was advised of all of his constitutional rights and made a knowing, intelligent and voluntary waiver of them pursuant to Crim. R. 11. The trial court imposed the agreed upon three year prison term and also ordered Defendant to serve a three year term of post-release control, as well as any prison term for violation of the post-release control.
 {¶ 1} Defendant was released from prison in December, 2005 and placed on post-release control for three years. On January 1, 2007 Defendant was indicted on one court of theft by deception in violation of R.C. 2913.02(A)(3), a fifth degree felony, in Clark County Common Pleas Court Case No. 07CR08. Defendant pled guilty to the theft offense pursuant to a negotiated plea agreement and was sentenced to an agreed upon eight month sentence. At that time the court also sentenced Defendant to a consecutive two year prison term for the post-release control violation in Case No. 03CR19.
 {¶ 2} We granted Defendant leave to file a delayed appeal from his conviction and sentence. Defendant's appellate counsel filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,19 L.Ed.2d 493, stating that she could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before *Page 3 
us for our independent review of the record. Penson v. Ohio (1988),488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
 {¶ 3} Defendant's appellate counsel has raised one possible issue for appeal.
 ASSIGNMENT OF ERROR {¶ 4} "TRIAL COURT ERRED WHEN, UPON REVOCATION OF APPELLANT'S POST-RELEASE CONTROL, IT IMPOSED A SENTENCE OF TWO YEARS INCARCERATION, BECAUSE APPELLANT'S PAROLE OFFICER HAD PROMISED HE WOULD ONLY BE SANCTIONED WITH AN ADDITIONAL NINE MONTH SENTENCE, FOR AN AGGREGATE OF SEVENTEEN MONTHS."
 {¶ 5} The trial court advised Defendant in both the Plea of Guilty form and Judgment Entry of Sentence that he would be placed on post-release control following his prison term for attempted burglary. The Plea of Guilty form provided by the state, which was signed by Defendant and his counsel, advised that if he violated the conditions of supervision under post-release control he could be returned to prison for up to nine months for each violation. If the violation were a new felony, he could receive a prison term of the greater of one year or the time remaining on post-release control, in addition to any other prison term imposed for the new offense. This language tracks the language of R.C. 2929.141(B)(1).
 {¶ 6} One year into his post-release control, Defendant violated the conditions of his supervision by committing a felony. Prior to the imposition of sentence in Clark County Common Pleas Court Case No. 07CR08, Defendant requested that the trial court not impose any sentence for his post-release control violation, and instead allow any sentence to be imposed by the Adult Parole Authority, which he believed would be nine months. *Page 4 
 {¶ 7} During the plea colloquy in Case No. 07CR08, the trial court advised Defendant that in addition to the agreed eight month sentence it would impose for his theft by deception offense, "[y]ou understand that you are subject to at least one more year in prison consecutive in this case" for the violation of post-release control sanctions arising from the conviction of theft by deception. Defendant replied: "I didn't know that until he said something. I didn't know that." (T. 6). The court went on to explain that, instead of the minimum one year, it could impose a term of incarceration for the two years remaining on the term of Defendant's post-release control, and that as a result "you are subject to two years additional prison time consecutive to this for the commission of a felony while on Post Release Control. Do you understand that?" Defendant replied: "Yes, I do, sir." (T. 7). Shortly after, the Court asked: "Do you understand the explanation of the maximum sentence and the Post Release Control?" Defendant replied: "Yes, I do." (T. 8). In so advising the Defendant, the court was fulfilling its duty under Crim. R. 11(C)(2)(a) by ensuring that Defendant understood the maximum penalty it could impose.
 {¶ 8} Defendant was aware that an additional term for violation of his post-release control sanctions would be imposed, but contends that he believed it would be but a nine month concurrent term imposed by the Adult Parole Authority. However the purpose of the maximum sentence advice the court is required to give is to dispel such misapprehensions. The record demonstrates that purpose was fully served. At the time of his initial plea and the later revocation, Defendant was fully informed of the court's authority to revoke post-release control and impose the additional two year term. *Page 5 
 {¶ 9} R.C. 2929.141(B)(1) authorizes a court that sentences a felony offender to a term of incarceration to also impose a sentence for violation of the offender's post-release control sanctions for a prior felony offense, the terms to be served consecutively. For the post-release control violation, the court may impose the greater of either one year or the term of the offender's post-release control, minus the time the offender has spent on post-release control. R.C. 2929.141(B)1) further provides: "In all cases any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board or adult parole authority as a post-release control sanction."
 {¶ 10} The Parole Board is authorized to require post-release supervision of nonviolent low-level felons. R.C. 2967.28(C). The Board may also return felons to prison for misconduct while on post-release control. R.C. 2967.28(F)(3). Exercise of that authority is subject to guidelines established by the Ohio Department of Rehabilitation and Correction. R.C. 2967.28(E)(5)(f). Neither the Parole Board nor the Adult Parole Authority is authorized to impose a new prison term, however. That power is a judicial power which is reserved to the courts. The reference in R.C. 2929.141(B)(1) to "any prison term that is administratively imposed by the parole board or the adult parole authority as a post-release control sanction" concerns the Parole Board's power pursuant to R.C. 2967.28(F)(3) to return felons to prison for violations of post-release control pursuant to R.C. 2967.28(C). The requirement in R.C. 2929.141(B)(1) that the resulting term of imprisonment shall reduce a term imposed by the court is intended to avoid duplication when both might apply. It does not confer original sentencing authority on the Parole Board or the Adult Parole Authority for violations of post-release control sanctions arising from a new felony conviction, which is the subject of R.C. 2929.141(B)(1). *Page 6 
 {¶ 11} No alternative sentencing by the Adult Parole Authority for Defendant's violation of his post-release control sanctions arising from his conviction for the theft offense was available to him, despite his purported ill-founded belief. The trial court fulfilled its duty under Crim. R. 11(C)(2)(a) by advising Defendant of the maximum penalty it could impose and eliminating any misapprehensions the Defendant may have had. Defendant indicated he understood the court's advice. The error assigned lacks arguable merit.
 {¶ 12} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Andrew R. Picek
Elizabeth A. Seger
Ronald K. Cosby
 Hon. Richard J. O'Neill *Page 1